UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
REGINA LEWIS,

                  Plaintiff,

-against-

DHO GARCIA; METROPOLITAN DETENTION
CENTER PSYCHOLOGY DEPARTMENT STAFF;
JOHN DOE; JOHN DOE; JANE DOE; JANE DOE,

                  Defendants.
---------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
14-CV-3499 (ARR)

ROSS, United States District Judge.

Plaintiff Regina Lewis, currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, brings this pro se civil rights action seeking monetary damages for violations of her Eighth Amendment rights. The court construes plaintiff's complaint as brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff is granted thirty (30) days leave to file an amended complaint.

**STANDARD OF REVIEW**

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe,

1

449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## BACKGROUND

Plaintiff brings this action against MDC Deputy Hearing Officer Garcia, unnamed staff of the "Psychology Department" at MDC, and John and Jane Doe defendants. Plaintiff's complaint provides a recitation of the requirements of the Eighth Amendment and alleges that she has not received proper care for her mental health issues. Compl., Dkt. #1, at ECF 5. Plaintiff, who has a pending criminal action in the United States District Court for the Southern District of New York, see United States v. Lewis, No. 12 Cr. 655 (S.D.N.Y.), states that "everyone is aware of a mental

health issue warranting proper treatment and care." Id. However, she states:

> DHO Garcia as well [as] the psychology staff at both institutions MDC and MCC have subjected me to grotesque segregation . . . . The issue is not whether I received the proper diagnosis but the mal-treatment I received after being diagnosed with mental health issues by more than one source. All the staff had actual knowledge. I find that my abuse establishes terrorism. Rather than pay for the appropriate care and treatment, both MDC and MCC along with the bureau and the District Court opted to deprive me of entitled care and treatment and due process exacerbating my stress.

Id. Plaintiff seeks "sanctions needed to enforce compliance [with] the 8th amendment standards establishing the elements of an adequate medical and mental health system in the Federal Bureau of Prisons and [its] contract facilities." Id. at ECF 6. Plaintiff also seeks monetary damages. Id.

## DISCUSSION

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Bivens actions, although not completely parallel, are the federal analog to 42 U.S.C § 1983 actions against state actors. Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006) (noting that a Bivens action is the federal analog to claims against state actors brought under § 1983); see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated Section 1983 law into Bivens actions.").

A Bivens action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation. See, e.g., Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each

3

Government-official defendant, through the official's own individual actions, has violated the Constitution."); Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation.").

Here, even construing the complaint liberally, plaintiff has not alleged sufficient facts to support a claim that any of the named individual defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights.

## CONCLUSION

Accordingly, the Court grants plaintiff thirty (30) days in which to file an amended complaint. Cruz v. Gomez, 202 F .3d 593, 597-98 (2d Cir. 2000). If plaintiff chooses to file an amended complaint, she must provide the dates and a brief description of each alleged civil rights violation by the individual MDC defendants that she names in the amended complaint, including the personal involvement of each named defendant. Plaintiff shall not include claims pertaining to events that occurred at the Metropolitan Correctional Center, located in New York County, as this Court is not the proper venue to bring such claims.[1]

---

[1] The relevant venue provision is found at 28 U.S.C. § 1391(b), which provides that an action may be brought in:
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

4

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this order within the time allowed, judgment shall enter dismissing this action without prejudice. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

The Court notes that plaintiff has filed a similar action in this Court naming different defendants and raising claims relating to her time in segregation at the MDC. See Lewis v. Ferguson, No. 14-CV-3284 (ARR). In the other case, the Court has also issued an order granting plaintiff time to file an amended complaint alleging the personal involvement of each named defendant. If plaintiff chooses to submit additional filings in either case, she must specify the case to which her filings relate.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
ALLYNE R. ROSS
United States District Court

Dated: Brooklyn, New York
August 4, 2014

## SERVICE LIST

Plaintiff
Regina Lewis
67206-054
Metropolitan Detention Center
PO Box 329002
Brooklyn, NY 11232